UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:  Chapter 11

iVEDiX, INC.,  Case No. 21-20453

Debtor.

**REVISED DECISION AND ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]**

PAUL R. WARREN, USBJ

This matter came before the Court on September 28, 2022 (the "Confirmation Hearing") to consider confirmation of the iVEDiX, Inc.'s Second Amended Plan of Reorganization for Small Business Debtor Under Chapter 11 [ECF 115] (as may be amended, supplemented or modified, the "Plan") filed on February 8, 2022 by iVEDiX, Inc. (the "Debtor"). In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the testimony of Debtor's counsel regarding voting and tabulation of ballots cast in connection with iVEDiX, Inc.'s Second Amended Plan of Reorganization; (ii) the Stipulated Order Settling Chapter 11 Plan Objection [ECF 161] and (iii) all other evidence proffered and presented at the Confirmation Hearing. The Court, having considered that sufficient classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to the Plan have been filed which have not subsequently been withdrawn, after notice and a hearing, the Court finds and concludes as follows:

---

[1] Paragraphs 10 and 23 of the Order have been revised with the consent of the Debtor, Subchapter V Trustee and U.S. Trustee to reflect that the Debtor will receive its discharge upon completion of Plan payments and that the Subchapter V Trustee will remain in place to receive and distribute Plan payments.

# FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. <u>Jurisdiction</u>. The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B. <u>Venue</u>. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. <u>Notice</u>. On February 8, 2022, the Court entered the Order Setting Confirmation Hearing and Related Deadlines [ECF 116] (the "Confirmation Scheduling Order"). In accordance with the Confirmation Scheduling Order, on February 23, 2022, the Debtor served the Confirmation Scheduling Order, the Plan and the form of Ballot for accepting or rejecting the Plan. *See* Certificate of Service [ECF 128]. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the Bankruptcy Rules, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. <u>Glavin Objection</u>. Prior to confirmation, the Debtor negotiated stipulated terms with the Martin Glavin [ECF 161] to address concerns raised in Objection to Debtor's Chapter 11 Plan of Reorganization [ECF 133] (the "Glavin Objection") and, to the extent not otherwise memorialized with this Court or on the record, the Debtor has agreed that:

(i) Unsecured creditors Chemtronics International ($26,648.00); Merck KGAA ($133,233.00); Monro, Inc. ($4,248.00), Port Authority of NY and NJ ($56,667.00) and Wegmans Food Markets, Inc. ($86,667.00) are not impaired because they were listed in Schedule F for the sole purpose of reflecting the Debtor's obligation under certain executory contracts, which performance has since occurred, and as such none of those creditors should recover further under the Plan.

E. <u>Judicial Notice; Objections to Confirmation</u>. The Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the chapter 11 case maintained by the Clerk of the Court and/or her duly appointed agent, including all pleadings and other documents filed, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the chapter 11 case, including the Confirmation Hearing. Any resolution of objections to confirmation explained on the record at the Confirmation Hearing is hereby incorporated by reference. All unresolved objections, statements, informal objections, and reservations of rights (except with respect to unresolved cure amounts), if any, related to confirmation of the Plan are overruled on the merits.

F. <u>Vote Certification</u>. Only Holders of Claims in Class 4 (Current Employees) and Class 5 (Unsecured Claims) and Class 6 (Equity Security Holders) were entitled to vote on the Plan. The ballots the Debtor used to solicit votes to accept or reject the Plan from Holder(s) in Class 4 adequately addressed the particular needs of the chapter 11 case and were appropriate for Holders in Class 4 to vote to accept or reject the Plan, and, in fact, the Holders in Class 4 voted to accept the Plan.

G. The ballots the Debtor used to solicit votes to accept or reject the Plan from Holders in Class 5 adequately addressed the particular needs of the chapter 11 case and were appropriate for Holders in Class 5 to vote to accept or reject the Plan, and, in fact, with the change in vote by Martin Glavin [ECF 161] the Holders in Class 5 voted to accept the Plan.

H. The ballots the Debtor used to solicit votes to accept or reject the Plan from Holders in Class 6 adequately addressed the particular needs of the chapter 11 case and were appropriate for Holders in Class 6 to vote to accept or reject the Plan, and the Holders in Class 6, not counting the votes of insiders, voted to reject the Plan.

I. As evidenced by the proffer at the Confirmation Hearing a sufficient Impaired Class of Claims (excluding the acceptance by any insiders of the Debtor) has voted to accept the Plan in accordance with the requirements of sections 1124, 1126, and 1129 of the Bankruptcy Code.

J. <u>Proper Classification of Claims - 11 U.S.C. §§ 1122 and 1123</u>. Except as noted in ¶ D(i) above, Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

K. <u>Specified Unimpaired Classes - 11 U.S.C. § 1123(a)(2)</u>. The Plan specifies all classes or claims or interests that are not impaired under the plan.

Case 2-21-20453-PRW, Doc 190, Filed 10/06/22, Entered 10/06/22 13:15:24, Description: Main Document , Page 4 of 16

L.　Specified Treatment of Impaired Classes - 11 U.S.C. § 1123(a)(3). The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

M.　No Discrimination - 11 U.S.C. § 1123(a)(4). The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

N.　Implementation of the Plan - 11 U.S.C. § 1123(a)(5). Article 7 of the Plan provides adequate means for the Plan's implementation.

O.　Non-Voting Equity Securities - 11 U.S.C. § 1123(a)(6). The Plan provides for the Reorganization of the Debtor, therefore section 1123(a)(6) is inapplicable.

P.　Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7). The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

Q.　Assumption & Rejection – 11 U.S.C. § 1123(b)(2). Article 6 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for assumption of any executory contract or unexpired lease to which the Debtor is a party to as of the Petition Date.

R.　Additional Plan Provisions - 11 U.S.C. § 1123(b)(6). Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

S.  <u>Principal Purpose of the Plan - 11 U.S.C. § 1129(d)</u>. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

T.  <u>Subchapter V Plan Requirements – 11 U.S.C. § 1189</u>. The Plan complies with § 1189 because the original plan was filed by the Debtor not later than 90 days after the order for relief under Chapter 11 [ECF 85].

U.  <u>Contents of a Subchapter V Plan - 11 U.S.C. § 1190</u>. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a Reorganization analysis, and (3) projections with respect to the ability of the Debtor to make payments under the Plan. The Plan provides for the Reorganization of the Debtor and for the submission of such portion of the future earnings or income of the Debtor as is necessary for the execution of the Plan.

V.  <u>Satisfaction of Conditions - 11 U.S.C. § 1191(a)</u>. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(b) and, as a result, is a nonconsensual Subchapter V plan under § 1191(b). With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

(i)  11 U.S.C. § 1129(a)(1) and (a)(2). The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

(ii)  11 U.S.C. § 1129(a)(3). The Plan was proposed in good faith and not by any means forbidden by law.

(iii)  11 U.S.C. § 1129(a)(4). Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or

in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

(iv) 11 U.S.C. § 1129(a)(5) & (6). The Debtor has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider. The Plan does not provide for any change in rates subject to governmental regulation. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

(v) 11 U.S.C. § 1129(a)(7). The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

(vi) 11 U.S.C. § 1129(a)(8). Holders of Claims in Class 4 (Current Employees) and Class 5 (Unsecured Claims) have voted to accept the Plan, but Holders of Claims in Class 6 have voted to reject the Plan.

(vii) 11 U.S.C. § 1129(a)(9). The treatment of Administrative Expense Claims, Priority Tax Claims and Priority Non-Tax Claims under Article 3 of the Plan satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code

(viii) 11 U.S.C. § 1129(a)(10). Sufficient impaired Classes of Creditors have voted to accept the Plan in requisite numbers and amounts without the need

to include any acceptance of the Plan by any insider. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

(ix) 11 U.S.C. § 1129(a)(11). Confirmation of the Plan is not likely to be followed by the Liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such Reorganization or reorganization is proposed in the Plan.

(x) 11 U.S.C. § 1129(a)(12). All fees payable under 20 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

(xi) 11 U.S.C. § 1129(a)(16). All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court ORDERS:

1. <u>Confirmation</u>. The Plan is confirmed under 11 U.S.C. § 1191(b).

2. <u>Burden of Proof</u>. The Debtor, as proponent of the Plan, has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code, except as modified by section 1191(b) of the Bankruptcy Code by a preponderance of the evidence.

3. <u>Binding Effect of Plan</u>. Pursuant to 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, shall be binding upon and inure to the benefit of the Debtor, all present and former holders of

Claims and Interests and the irrespective successors and assigns, and all other parties in interest in this case.

4. <u>United States Trustee Guidelines</u>. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

5. <u>Effect of Stipulated Relief with Glavin</u>. The resolution of the Glavin Objection to Confirmation as memorialized on the record at the Confirmation Hearing, to the extent it modifies a provision of the Plan, is incorporated by reference.

6. <u>Effect of Confirmation Order on Plan</u>. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

7. <u>Executory Contracts and Leases</u>. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases to which the Debtor is a party shall be deemed to be assumed.

8. <u>Service of Confirmation Order</u>. Counsel to the Debtor is directed to serve a copy of this Decision and Order on all parties and file a certificate of service within five (5) days of the entry of this Decision and Order.

9. <u>Documents and Actions Required to Effectuate Plan</u>. Pursuant to section 1142(b) of the Bankruptcy Code and any comparable provision of the corporation laws of any state, the Debtor is hereby authorized and empowered to take such actions and to

perform such acts as may be necessary, desirable, or appropriate to comply with or implement the Plan, and all documents, instruments, and agreements related thereto, and all annexes, exhibits, and schedules appended thereto, and the obligations thereunder shall constitute legal, valid, binding, and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms without the need for any approval from any member or board. The Debtor is hereby authorized and empowered to take such actions, to perform all acts, to make, execute, and deliver all instruments and documents, to make payments, and to pay all fees and expenses as set forth in the documents relating to the Plan, including without limitation, documents that may be required or necessary for its performance thereunder.

10. <u>Subchapter V Trustee; Plan Payments</u>. Pursuant to § 1194 of the Bankruptcy Code, the Debtor shall timely pay to the Subchapter V Trustee the sums necessary for the Subchapter V Trustee to make payments to Class 5 due under the Plan, whereupon the Subchapter V Trustee shall timely disburse such payments to Class 5 pursuant to the Plan. All other payments and distributions required under the Plan will be made by the Debtor directly.

11. <u>Distributions</u>. The Debtor shall make distributions to each holder of an Allowed Claim at the address for each such holder reflected in the books and records of the Debtor. Distributions under the Plan shall be made only to the holders of Allowed Claims as of the Record Date. Distributions shall be made on the later of (i) the Effective Date, (ii) the date a claim becomes allowed; or (iii) the annual distribution date set forth in the Plan.

12. <u>Jurisdiction</u>. The Bankruptcy Court retains jurisdiction to:

a. Enter such orders as maybe necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, and other agreements or documents created in connection with the Plan or the Confirmation Order;

b. Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan and all contracts, instruments, and other agreements executed in connection with the Plan;

c. Hear and determine any request to modify the Plan or to cure any defect or omission or reconcile any inconsistency in the Plan or any order of the Bankruptcy Court;

d. Issue and enforce injunctions or other orders, or take any other action that may be necessary or appropriate to restrain any interference with the implementation, consummation, or enforcement of the Plan or the Confirmation Order;

e. Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

f. Hear and determine any matters arising in connection with or relating to the Plan, the Confirmation Order or any contract, instrument, or other agreement or document created in connection with the Plan or the Confirmation Order;

g. Enforce all orders, judgments, injunctions, and rulings entered in connection with the Chapter 11 Case;

h. Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code; and;

i. Enter a final decree closing the Chapter 11 Case.

13. <u>Establishment of Administrative Claims Bar Date</u>. Pursuant to Article 3.02 of the Plan, any requests for payment of Administrative Claims must be filed and served on the Debtor no later than the date that is thirty-five (35) days after the effective date of the Plan (the "Administrative Claims Bar Date") and by which any requests for payment of Administrative Claims must be filed and served on the Debtor. Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file an Administrative Claim pursuant to the terms of this Order, but that fails to do so by the Administrative Bar Date: (i) shall not receive a distribution under the Plan, unless the Bankruptcy Court orders otherwise; and (ii) shall be bound by the terms of (a) the Plan, or (b) any other order that authorizes the winding up of the Debtor's estate. Any objections to timely filed requests for payment of such Administrative Claims must be filed and served on the requesting party within thirty-five (35) days after the Administrative Claims Bar Date. Any such objections that are not consensually resolved may be set for hearing on twenty-one (21) days' notice of such hearing to the Debtor.

14. Requests for payment of Administrative Claims against the Debtor must be filed and served on the Debtor no later than the Administrative Claims Bar Date, which is a date that is 30 days after the Effective Date for all Administrative Expense Claims, other

than those arising under section 503(b)(9) of the Bankruptcy Code. For the avoidance of doubt, governmental taxing authorities shall not be required to make a request for payment of Administrative Claims prior to the Administrative Claims Bar Date.

15. <u>Execution by Third Parties</u>. Each and every federal, state, and local governmental agency or department is hereby directed to accept, and lessors and holders of liens are directed to execute, any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan including, without limitation, documents and instruments for recording in county and state offices where the Debtor's certificates of incorporation or any other Plan document may need to be filed in order to effectuate the Plan.

16. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, and any documents, instruments, or agreements, and any amendments or modifications thereto.

17. <u>Confirmation Order Controlling</u>. Except as set forth in the Plan, to the extent that any provision of any other order referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control; provided, however, that with respect to any conflict or inconsistency between the Plan and this Confirmation Order, this Confirmation Order shall govern and control.

18. <u>Non-severability of Plan Provisions and Confirmation Order</u>. Each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the consent of the Debtor; and (c) non-severable and mutually dependent. Each provision of this Confirmation Order is non-severable and mutually dependent on each other term of this Confirmation Order and the Plan.

19. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court of competent jurisdiction, such reversal, modification, or vacatur shall not affect the validity or enforceability of any acts, or obligations, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on this Confirmation Order prior to the Debtor's receipt of written notice of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, and the Plan and any amendments or modifications thereto in effect prior to the date the Debtor received such actual written notice.

20. <u>Applicable Non-Bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law, and all transfers comply with applicable non-bankruptcy law to the extent required by section 1129(a)(16) of the Bankruptcy Code.

21. <u>Failure of Consummation</u>. If the Effective Date does not occur and the Debtor files a notice withdrawing the Plan, then: (a) the Plan and this Confirmation Order will be null and void in all respects; (b) any settlement or compromise embodied in the Plan or this Confirmation Order, rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (c) nothing contained in the Plan or this Confirmation Order shall (i) constitute a waiver or release of any Claims, Interests, or Causes of Action, (ii) prejudice in any manner the rights of the Debtor or any other Entity, or (iii) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtor or any other Entity, and all parties shall revert to the status quo as if this Confirmation Order had not been entered.

22. <u>Post-Confirmation Modifications</u>. Without need for further order or authorization of the Court, the Debtor is authorized and empowered to make any and all modifications to any and all documents that are necessary to effectuate the Plan that do not materially modify the terms of such documents and are consistent with the Plan and this Confirmation Order. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtor expressly reserves its respective rights to revoke or withdraw, or to alter, amend, or modify materially the Plan one or more times after Confirmation, and, to the extent necessary, may initiate proceedings in the Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

23. <u>Discharge</u>. The Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6). The Debtor shall be granted a discharge in accordance with § 1192 of the Bankruptcy Code for a nonconsensual Subchapter V Plan, which provides that the discharge is granted after the completion of all payments of the Plan.

24. <u>The Record</u>. The record of the Confirmation Hearing is closed. The Findings of Fact and Conclusions of Law of this Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable by Bankruptcy Rule 9014, and the Findings of Fact and Conclusions of Law of this Court at the Confirmation Hearing are incorporated herein by reference. To the extent any of the foregoing Findings of Fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing Conclusions of Law constitute findings of fact, they are adopted as such.

SO ORDERED.

Dated: October 6, 2022
      Rochester, New York                                     _____/s/_____
                                                                                 Hon. Paul R. Warren
                                                                                 United States Bankruptcy Judge